Approved: _____
RUSHMI BHASKARAN
Assistant United States Attorney

ORIGINAL

**19 MAG 8583**

Before: HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- v. -

CHRISTOPHER TORRES,
    a/k/a "Wyatt Earpz"
    a/k/a "ctorrez8,"

               Defendant.

- - - - - - - - - - - - - - - - - X

**SEALED COMPLAINT**

Violations of
18 U.S.C. §§ 2252A and 2

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

    AARON SPIVACK, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**
(Distribution of Child Pornography)

    1. From at least on or about August 7, 2019 to at least on or about September 12, 2019, in the Southern District of New York and elsewhere, CHRISTOPHER TORRES, a/k/a "Wyatt Earpz," a/k/a "ctorrez8," the defendant, knowingly did receive and distribute and attempt to receive and distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, TORRES made available for distribution sexually explicit images and videos of minors, including minors who had not obtained the age of 12, over the Internet using an electronic device from his residence in the Bronx, New York.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(2), and 2.)

## COUNT TWO
(Possession of Child Pornography)

2. On or about September 12, 2019, in the Southern District of New York and elsewhere, CHRISTOPHER TORRES, a/k/a "Wyatt Earpz," a/k/a "ctorrez 8," the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography, including an image of child pornography involved in the offense which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, TORRES possessed sexually explicit images and videos of minors on an electronic device found in his residence in the Bronx, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Special Agent with the FBI, currently assigned to the crimes against children squad. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my discussions with, and my review of reports of, another law enforcement agent acting in an undercover capacity ("UC-1"), I have learned that, on or about February 23, 2019, UC-1 engaged in an undercover session on a mobile application ("Application-1") and identified a user with the display name

2

"Wyatt Earpz" (the "Wyatt Earpz Account"), who had distributed child pornography in a child pornography group on Application-1.

5.   Based on records maintained by Application-1, I have learned that the Wyatt Earpz Account was associated with (1) a certain telephone number ("Phone-1") serviced by a cellular telephone company ("Provider-1"), and (2) internet protocol ("IP") addresses ("IP Addresses-1&2") serviced by an internet service provider ("Provider-2"). Based on records from Provider-1, I have learned that Phone-1 is subscribed to in the name of "Christopher Torres," i.e., CHRISTOPHER TORRES, a/k/a/ "Wyatt Earpz" a/k/a "ctorrez8," the defendant. In addition, I have learned from Provider-2's records that IP Addresses-1&2 correspond to TORRES's home address in the Bronx, New York (the "Torres Residence"). Based on my training and experience, as well as my involvement in this investigation, I believe that TORRES is the user of the Wyatt Earpz Account.

6.   Between on or about July 16, 2019 and on or about July 25, 2019, I engaged in conversations with CHRISTOPHER TORRES, a/k/a/ "Wyatt Earpz," a/k/a "ctorrez8," the defendant, on Application-1 in an undercover capacity by posing as a man ("UC-2") who sexually abuses his minor children. The following exchanges between TORRES and UC-2 occurred, in substance and in part:

   a.   TORRES said that he "plays with [his] cousin ["Minor Cousin-1"] every once in a while" and sent UC-2 two photographs of a clothed female child, approximately 12 years old, whom TORRES claimed was Minor Cousin-1. In one of those photographs ("Photograph-1"), which is focused on the child's buttocks, the female child is laying down on a bed watching television, with an adult hand on the child's leg.

   b.   TORRES asked UC-2 for photographs of UC-2's sexual abuse of UC-2's minor children. In an effort to obtain such images, on or about July 23, 2019, TORRES sent UC-2 an image depicting an adult male's hand holding his penis, with what appears to be semen on his penis and hand, next to two nude, prepubescent girls hugging each other in a bathtub. In addition, TORRES sent UC-2 a link to a cloud account that appeared to have contained over 500 images and videos of child pornography or child erotica.

7.   On or about July 25, 2019, acting as UC-2, I asked CHRISTOPHER TORRES, a/k/a/ "Wyatt Earpz," a/k/a "ctorrez8," the defendant, to communicate with UC-2 on a different mobile messaging

application ("Application-2"). TORRES indicated that he would do so, and thereafter an individual with the username "ctorrez8" (the "ctorrez8 Account") messaged UC-2 on Application-2. Based on records from Application-2, I have learned that the ctorrez8 Account is associated with an IP address ("IP Address-3") serviced by Provider-2, and according to records from Provider-2, I have learned that IP Address-3 is assigned to the Torres Residence. Based on my involvement in this investigation, as well as my training and experience, I believe that TORRES is the user of the ctorrez8 Account.

8. Based on my review of messages on Application-2 between UC-2 and CHRISTOPHER TORRES, a/k/a/ "Wyatt Earpz" a/k/a "ctorrez8," the defendant, I know that TORRES told UC-2 that TORRES had oral sex with Minor Cousin-1. In addition, TORRES expressed his desire to sexually abuse UC-2's children. For example, TORRES said that he "would love to see how tight ur daughter is" and suggested that he and UC-2 "both nut on her together," "watch it drip," and "cum top and bottom." TORRES told UC-2 that he "wonder[ed] if ur girl could take my tip" and said Minor Cousin-1 "hasn't been penetrated before." TORRES also repeatedly asked UC-2 for sexually explicit material of UC-2's children. UC-2 stated that he would endeavor to provide such images if TORRES had child pornography to exchange.

9. Based on my review of messages on Application-2 between UC-2 and CHRISTOPHER TORRES, a/k/a/ "Wyatt Earpz" a/k/a "ctorrez8," the defendant, I know that, on or about August 7, 2019, TORRES used Application-2 to send UC-2 a link to a cloud storage website ("Application-3"). I accessed the link, which allowed me to download approximately 11,000 files. Based on my preliminary review of these files, I have determined that all of them appear to be child pornography or child erotica. Some of those files are described as follows:

a. A video with the file name "bo.mp4", approximately 70 seconds in length, depicts a fully nude, prepubescent girl, with a contraption strapped around her head to keep her mouth open. An adult man then inserts his penis into the girl's mouth.

b. A video with the file name "II - Sugar (Kait) - 5yo.wmv", approximately one minute long, depicts a fully nude female girl, approximately 5 years old, being vaginally penetrated by an adult male's penis.

c. A video with the file name "hot-VID2.mp4", approximately 43 seconds long, depicts a fully nude child, less

than 5 years old, lying face down on a bed while an adult man penetrates her vagina with his penis. After appearing to ejaculate on the child, the man performs oral sex on the child.

   d. A video with the file name "VID-20141229-WA0228.mp4", approximately 35 seconds in length depicts a female baby, approximately under 2 years old, with an adult hand inserting its fingers into the baby's vagina.

  10. Based on records from Application-2, I determined that CHRISTOPHER TORRES, a/k/a/ "Wyatt Earpz" a/k/a "ctorrez8," the defendant, was logged onto Application-2 on August 7, 2019—the day he distributed the above-described child pornography—from IP Address-3, which, according to Provider's 2 records, is registered to the Torres Address.

  11. On or about the morning of September 12, 2019, I and other law enforcement agents executed a search and seizure warrant of the Torres Residence. During the course of that search, law enforcement agents seized a cell phone ("Seized Device-1"), among other electronic devices, from CHRISTOPHER TORRES, a/k/a "Wyatt Earpz," a/k/a "ctorrez8," the defendant. Based on a preliminary review of Seized Device-1, I found a still image from a video approximately three-minutes long, showing a female child, approximately 12-years old, inserting an object into her vagina.

  12. On or about the morning of September 12, 2019, I also interviewed CHRISTOPHER TORRES, a/k/a "Wyatt Earpz," a/k/a "ctorrez8," the defendant, at the Torres Residence. During the course of that interview, the following occurred, in substance and in part.

   a. TORRES was advised of his <u>Miranda</u> rights, waived those rights orally and in writing, and agreed to speak with me.

   b. TORRES admitted that he lived at the Torres Residence.

   c. TORRES admitted that he received and distributed child pornography on Application-1, Application-2, and Application-3, among others, and that he has exchanged child pornography for at least "a couple of years."

   d. TORRES admitted that Seized Device-1 was his cell phone, that he stored child pornography files on it, and that he possessed child pornography on other devices law enforcement agents seized during the course of the search.

   e. TORRES admitted that Photograph-1 was an image that he personally took of Minor Cousin-1, and that he took Photograph-1, as well as other photographs, in order to exchange those photographs for child pornography;

   f. TORRES admitted that he intended, by sending child pornography to UC-2, for UC-2 to produce sexually explicit photographs of UC-2's minor children.

 WHEREFORE, the deponent respectfully requests that CHRISTOPHER TORRES, a/k/a "Wyatt Earpz," a/k/a "ctorrez8," the defendant, be imprisoned, or bailed, as the case may be.

          _____
          Aaron Spivack
          Special Agent
          Federal Bureau of Investigation

Sworn to before me this
12th day of September, 2019

_____
HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK